UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANDRE WINSTON,                )
                              )
       Plaintiff,             )
                              )
v.                            )     No.: 25-4106-SEM-DJQ
                              )
                              )
MARKESHIA THOMAS, *et al.*,   )
                              )
       Defendants.            )

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Andre Winston, proceeding *pro se*, is a civil detainee at the Illinois Department of Human Service's Treatment and Detention Facility at Rushville, Illinois ("Rushville"). Plaintiff has requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but who are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Before the Court had an opportunity to review his Original Complaint in conjunction with reviewing his request to proceed *in forma pauperis*, Plaintiff filed a motion seeking leave to file an amended complaint. Therefore, the Court will review Plaintiff's proposed Amended Complaint in determining whether he may proceed *in forma pauperis* in this case.

In his Amended Complaint, Plaintiff alleges that Defendant Markeshia Thomas was working in the law library at Rushville on

April 13, 2025. On that date, Defendant Thomas accused Plaintiff of masturbating in the law library, but Plaintiff denies that he engaged in that activity. In fact, Plaintiff contends that video evidence exists that proves that he did not engage in this activity. Nevertheless, Defendant Thomas summoned Defendant Chenowith to escort Plaintiff from the law library back to Plaintiff's room based upon his alleged rule violation.

In addition, Plaintiff claims that, in order to support Defendant Thomas' false allegation against him, Defendant Chenowith refused to view the video evidence. In fact, Plaintiff avers that Defendant Chenowith lied and asserted that he had witnessed Plaintiff engage in this activity. Thereafter, Defendant Thomas issued a disciplinary report against Plaintiff. Plaintiff contends that Defendant Thomas and Defendant Chenowith took these actions against him because they knew that he would be placed into segregation as a result of their false report. Moreover, Plaintiff claims that Defendant Thomas and Defendant Chenowith took these actions against him in retaliation for Plaintiff filing previous grievances (a/k/a attempts to resolve) and lawsuits against them and others at Rushville.

But instead of being taken to segregation, Plaintiff alleges that Defendant Chenowith escorted him, while he was in handcuffs, to the infirmary. Once at the infirmary, Plaintiff claims that Defendant Chenowith and Defendant Dawn physically and sexually assaulted him. According to Plaintiff, Defendant Chenowith and Defendant Dawn assaulted him in the presence of two female security aides.

Later that same day, Plaintiff received a notice to appear before the Behavioral Committee at Rushville in relation to the false allegation that he had masturbated in the law library. Defendants S. Caraway, G. Carreon, and G. Parsons were the members of the Behavioral Committee assigned to Plaintiff's disciplinary ticket that Defendant Thomas had issued against him.

At the April 15, 2025 hearing, the Behavioral Committee refused to consider or to review the video evidence that Plaintiff claims proves that he did not engage in the rule-breaking behavior. Plaintiff further claims that the Behavioral Committee relied upon evidence that was never made a part of the record in order to find him guilty on the disciplinary ticket. Plaintiff states that he was placed into close or segregated status for thirty (30) days as a result of being found guilty on the charge.

Plaintiff's Amended Complaint states three claims: (1) a First Amendment retaliation claim against Defendants Thomas and Chenowith; (2) an excessive force claim against Defendants Thomas and Dawn in violation of his Fourteenth Amendment rights; and (3) a Fourteenth Amendment claim against Defendants Caraway, Carreon, and Parsons for violating his Due Process rights at the Behavioral Committee hearing.

Plaintiff's Amended Complaint does not state a claim against the other named Defendants. Plaintiff acknowledges in his Amended Complaint that the doctrine of *respondeat superior* is, generally, not a viable legal theory upon which to hold the other named Defendants liable. However, Plaintiff claims that the other named Defendants are supervisors and that they turned a blind eye towards the other Defendants' (identified *supra*) unconstitutional activities and violation of his Constitutional rights. Therefore, Plaintiff argues that the other named supervisory Defendants may be held derivatively liable.

Plaintiff is correct that the doctrine of *respondeat superior*—a doctrine whereby a supervisor may be held liable for an employee's actions—has no application to § 1983 actions such as this case.

5

*Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.") (internal quotation omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

    Contrary to his belief, Plaintiff has not alleged facts with which to demonstrate any causal connection or affirmative link between the alleged violation of his Constitutional rights and any actions or

6

inactions by the supervisors whom he wants to include as party Defendants. At most, Plaintiff has alleged that the supervisors should have known that the other Defendants violated his Constitutional rights, but they did nothing to stop, prevent, or rectify the violation of his rights.

However, "[p]ublic officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). That is the allegation that Plaintiff has made: Defendants' supervisors should have stepped in and done something. But the other named Defendants had no obligation to do so. *Id.*

Nor did the supervisory Defendants have a duty to act based upon the attempts to resolve that Plaintiff submitted. Like a prison grievance, Plaintiff was not entitled to have his attempt to resolve adjudicated in any certain way. *Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (holding that plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired);

*O'Quinn v. Feinerman*, 2011 WL 2670200, * 5 (S.D. Ill. July 7, 2011) (same). In short, "[t]here is no constitutional right to a grievance process." *Jackson v. Neal*, 2023 WL 2401786, * 2 (N.D. Ind. Mar. 7, 2023); *Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Accordingly, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against the other named Defendants.

**IT IS, THEREFORE, ORDERED:**

    1.    Plaintiff's motion for leave to file an Amended Complaint [5] is GRANTED, and the Clerk of the Court is directed to file Plaintiff's proposed Amended Complaint.

    2.    Pursuant to its review, the Court finds that Plaintiff's Amended Complaint states three counts: (1) a First Amendment retaliation claim against Defendants Thomas and Chenowith; (2) an excessive force claim against Defendants Thomas and Dawn in violation of his Fourteenth Amendment rights; and (3) a Fourteenth Amendment claim against Defendants Caraway, Carreon, and Parsons for violating his Due Process rights at the Behavioral Committee hearing. Any additional claims shall not be included in

the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Plaintiff's Amended Complaint does not state a claim upon which relief can be granted against any other named Defendant, and the Clerk of the Court is directed to terminate all other named Defendants. Fed. R. Civ. P. 12(b)(6).

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing waivers of service to them. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the

status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's

failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13. The Clerk is directed to attempt service on Defendants pursuant to the Court's standard procedures.

14. Plaintiff's motion to proceed *in forma pauperis* [3] GRANTED.

Entered this 13th day of June, 2025

                                                     s/ Sue E. Myerscough  
                                                SUE E. MYERSCOUGH  
                              UNITED STATES DISTRICT JUDGE