## WAIVER OF SERVICE OF SUMMONS

I, <u>Robert Downs</u>, acknowledge receipt of your request
(DEFENDANT NAME)

for a waiver of service of summons in the case of <u>Winston v. Thomas et al.</u>
(Short version of caption and case number)

<u>25-CV-4106</u> in the United States District Court for the Central District of Illinois.

I have also received a copy of the complaint in the case.

I agree to save the cost of service of a summons in this lawsuit by not requiring service of judicial process in the manner provided by Federal Rule of Civil Procedure 4.

I retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a response to the complaint should be filed by me, or on my behalf, by whomever represents me in the case, within sixty (60) days of the date (<u>6/20/2025</u>) the notice and waiver were sent to me by the clerk of the district court.

<u>6/23/25</u>                 <u>[signature]</u>
(DATE)                        (SIGNATURE)

### Duty to Avoid Unnecessary Costs of Service of Summons

Federal Rule of Civil Procedure 4 requires parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of a case against him and asked to waive service of summons, fails to do so will be required to bear the costs of such service unless good cause is shown for failure to sign and return the waiver of service.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the case or the parties. A party who waives service of summons retains all defenses and objections to the case, the jurisdiction of the court or the place where the case has been filed. Filing a waiver of service gives a defendant additional time, beyond what would be allowed if summons was served, to respond to the complaint.

The Prisoner Civil Litigation Reform Act, 42 U.S.C. §1997e(g), provides that a defendant in a prisoner's civil rights claim cannot be defaulted for failure to file a responsive pleading to the complaint.